IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA DUHREAL FLAGG, #310705, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:22-CV-265-WHA-SMD ) |
| W.G. JONES, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action on April 24, 2022. Doc. 1. Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], the undersigned RECOMMENDS that this case be DISMISSED prior to service of process as time-barred.[2]

---

[1] Because Plaintiff is proceeding in forma pauperis, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

[2] The Complaint contains additional deficiencies not discussed herein, including that it names defendants not subject to suit under § 1983 and largely refers to all nine named defendants collectively, rendering it impossible to decipher which defendants are allegedly responsible for which conduct. However, because expiration of the applicable statute of limitations is dispositive of the entire Complaint, the Court need not address any further deficiencies for purposes of this Recommendation.

I.     **THE COMPLAINT**

The Complaint alleges that, on April 14, 2020, all nine named defendants assaulted Plaintiff while he was in restraints in retaliation for him filing grievances. Doc. 1 at 2, 3. Defendant Smith "threatened to push [Plaintiff] down J-Pod stairs," "became deranged and ran up the stairs where he was (in no immediate threat)," and "started pushing [Plaintiff] toward the step [with] his stomach to cause him serious injury." *Id.* at 3. Defendant Downs then "thwarted" Plaintiff's right to exhaust his administrative remedies when he responded to Plaintiff's grievance as "non-grievable." *Id.* As relief, Plaintiff seeks an injunction, a declaratory judgment, and punitive damages, among other things. *Id.* at 4.

II.    **DISCUSSION**

Plaintiff asserts that the events giving rise to his claims occurred on April 14, 2020. *See* Doc. 1 at 2, 3. However, any claims arising from events that occurred more than two years prior to the filing of this action are time-barred by the two-year limitations period that governs 42 U.S.C. § 1983 claims.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Plaintiff must have brought them within two years from the date the limitations period began to run. Generally, the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent

2

to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

By Plaintiff's own admission, the events with which he takes issue occurred on April 14, 2020. On that date, the facts which would support Plaintiff's purported causes of action were apparent or should have been apparent to Plaintiff. However, Plaintiff did not file this action until April 24, 2022[3], ten days after the limitations period expired. Thus, it is clear from the face of the pleadings that his § 1983 claims are time-barred and should be dismissed. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

## III.   CONCLUSION

Because Plaintiff's claims are barred by the applicable two-year statute of limitations, the undersigned finds that any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile."); *see also Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22,

---

[3] The Complaint is dated both November 7, 2021 and April 24, 2022. (*See* Doc. 1 at 4). Upon review of court records, it appears Plaintiff first filed this same complaint in November 2021. *See* Case No. 1:21-CV-765-WHA-CSC (M.D. Ala.). That action was dismissed without prejudice for failure to comply with court orders. *See id.*, Docs. 6, 7. Plaintiff then filed the exact same document in April 2022, thereby initiating this case, except that he added the April 24, 2022 date to his signature page and certified that the complaint was placed in his institutional mailbox that same day. *See* Doc. 1 at 4, 5. Thus, this present action was filed on April 24, 2022. *See Jeffries v. U.S.*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.") (citation omitted).

2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process as time-barred.

It is further ORDERED that, by **September 6, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of August, 2022.

                                             /s/ Stephen M. Doyle
                                             STEPHEN M. DOYLE
                                             CHIEF UNITED STATES MAGISTRATE JUDGE