IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA DUHREAL FLAGG, #310705, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )    CASE NO. 1:22-CV-265-WHA-SMD |
| W.G. JONES, et al., | ) ) ) |
| Defendants. | ) |

**O R D E R**

This case is before the Court on a Recommendation of the Magistrate Judge entered on August 23, 2022, recommending dismissal of the Complaint as time-barred. Doc. 11. Plaintiff subsequently filed objections to the Recommendation, in which he argues that equitable tolling should apply because he is proceeding *pro se* without any legal training; he is indigent and cannot afford an attorney; he does not have a litigious history with the Court such that he would know the applicable statute of limitations[1]; and, since the filing of this action, COVID-19 has "had a prejudicial impact" on Plaintiff's filings. Doc. 12. However, none of these factors warrant equitable tolling in this case.

The Eleventh Circuit has made clear that equitable tolling is an extraordinary remedy that is to be applied sparingly and only when a party has demonstrated that (1) he has pursued his rights diligently; and (2) extraordinary circumstances prevented him from filing a timely complaint. *See Salley v. Goldston*, 727 F. App'x 981, 984–85 (11th Cir.

---

[1] A review of the Court's CM/ECF records indicates that Plaintiff has filed at least 32 lawsuits in this Court.

2018). Plaintiff has made no such demonstration here, as one's *pro se* status and ignorance of the law are not extraordinary circumstances that warrant equitable tolling. *See Dollar v. Russell Cty. Sheriff's Office*, Case No. 3:11-CV-336, 2011 WL 2443668, at *1 (M.D. Ala. May 18, 2011) (collecting cases in support), *report and recommendation adopted*, 2011 WL 2441073 (June 17, 2011). Nor is Plaintiff's conclusory claim that COVID-19 had an "impact" on his filings. *See Hamilton v. Inch*, Case No. 3:20-CV-5967, 2021 WL 4254941, at *3 (N.D. Fla. June 23, 2021) (collecting cases in support); *see also Robinson v. State Attorney for Fla.*, 808 F. App'x 894, 898 (11th Cir. 2020) (noting that "mere conclusory allegations" are insufficient for a finding of equitable tolling) (citation omitted).

Thus, after an independent review of the file and for the reasons set forth above, Plaintiff's objections are OVERRULED, the Recommendation is ADOPTED, and it is hereby

ORDERED that this case is DISMISSED with prejudice.

Final Judgment will be entered separately.

Done, this 21st day of September 2022.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE